## MAGDALENA VOLLENWEIDER

### v.

## HERMAN VOLLENWEIDER.

*Opinion filed June 23, 1905.*

1. VARIANCE—*what is not a substantial variance between allegations of bill and findings of decree.* There is no substantial variance between the recitals of a decree finding, generally, that the consideration for complainant's deed was inadequate and that his signature was obtained by fraudulent means and undue influence, and the allegations of the bill charging the fraud to have been practiced in the attorney's office where the deed was made.

2. APPEALS AND ERRORS—*an objection of laches cannot be first raised on appeal.* The question of *laches* cannot be raised on appeal, where it was not raised by the pleadings or otherwise presented in the trial court for determination.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

On September 29, 1904, the appellee, Herman Vollenweider, filed his bill in the circuit court of Cook county against the appellant, Magdalena Vollenweider, by which he sought to set aside a certain deed of conveyance from him to her. The bill alleged that on February 17, 1899, Gotlieb Vollenweider, the father of complainant, died intestate, leaving complainant, his son, and Magdalena Vollenweider, the defendant, his widow, as his only heirs-at-law; that at the time of his death the said Gotlieb Vollenweider was the owner of certain real estate situated in the city of Chicago; that immediately after his death the defendant took possession of said property and has since that time remained in the possession of the same, collecting the rents therefrom; that on the 21st day of June, 1899, she asked complainant to go with her to her attorney's office, without disclosing the object of her visit; that he did go, and while at such office was asked to sign, and did sign, a paper, the

nature thereof being unknown to him for the reason that he could not read or write the English language; that after signing said paper he continued to reside with the defendant upon the premises, and she continued to collect the rents but refused to account to him for any portion thereof and informed him that he had no right in the premises; that thereupon he caused an investigation to be made, and found that the paper which he signed was a quit-claim deed conveying to her all of his right, title and interest to the premises for a consideration of $500. The bill further alleges that his signature to the deed was obtained by fraud, and that he did not know the contents of the paper and that the contents were not disclosed to him; that he never received the $500 consideration, or any part thereof, and at all times believed himself vested with the rights and interest in the property as left him by his father; that the property conveyed was of the reasonable value of $10,000 and rented for $100 per month. The prayer of the bill was that the quit-claim deed be ordered set aside, canceled and declared null and void, and that the defendant be restrained from selling, conveying, encumbering or otherwise disposing of the property.

The defendant filed her answer to the bill, in which she denied all of the allegations of fraud and undue influence in obtaining the deed, and set out certain facts stated in the decree of the court hereafter mentioned.

Upon a hearing before the chancellor in open court a decree was rendered, which found that Gotlieb Vollenweider died intestate, leaving the complainant, his child, and the defendant, his widow, and seized of the real estate in controversy, of the value of $8000; that on February 27, 1899, the defendant was appointed administratrix of the estate, and during her term as administratrix she laid out and expended divers sums of money and had paid all claims presented and allowed against the estate; that on June 21, 1899, she obtained from complainant a quit-claim deed for the premises in question, but that the signature to the deed

and the execution thereof were obtained by fraudulent means and undue influence practiced on him by her; that the consideration of $500 was inadequate and insufficient and the deed was not the free and voluntary act of the complainant; that the $500 consideration named in the deed, and $57 additional, had been paid to him. The decree further found that the defendant occupied a portion of the premises since the death of her husband and furnished board and room to complainant without receiving any compensation therefor, and had collected the rents and profits of the remainder of the property not so occupied by her; that she had laid out and expended divers sums for permanent improvements, for general repairs, insurance, taxes and incidental expenses, and that these amounts were expended upon the strength of her having obtained a deed for the premises in which she was entitled to homestead and dower, and that in making these improvements she had placed a mortgage of $1000 upon the premises. The decree further found that the quitclaim deed should be set aside, that complainant was entitled to his share in the property subject to the rights of the defendant, and that an accounting should be had of all amounts received and paid out by appellant since the death of her husband. From this decree appellant has prosecuted her appeal to this court.

EDWIN F. ABBOTT, for appellant.

CHARLES F. LOWY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is first insisted by appellant that appellee has not established the allegations of his bill by a preponderance of the evidence. We have carefully read the evidence of both parties as it appears in the record. It shows that Gotlieb Vollenweider, the father of appellee, at the time of his death

was seventy-one years old. He had been married four times, and had only been married to appellant about four weeks prior to his death. He left the appellee, his only son, about fifty-five years old, and appellant, his widow, then about fifty years old, as his only heirs-at-law. The premises in question consisted of a lot 24 by 125 feet in dimensions, on which were located two brick flat-buildings, variously estimated in value from $5000 to $10,000 and found by the decree to be of the value of $8000. The widow was appointed administratrix of the estate and her award was fixed at $1445. Various claims were allowed against the estate, aggregating about $2500, including the widow's award. Appellee testified that on the day the deed was made appellant asked him to go down town with her to the office of her attorney, a Mr. Tripp, which he did. No one was present in the office but the three persons named. Tripp told appellee that if they settled up the business they would not have to wait for the case to go through court and $500 or $600 would be saved. A paper was drawn up and Tripp told him to sign it. He could not read the English language and the paper was not read to him. After he signed it his acknowledgment was not taken, and he did not find out for over one year afterwards that he had signed away his rights to the property. He had never received any part of the $500 consideration. There is also evidence tending to show that appellee was not experienced in business affairs, and was very much inclined to be shiftless and indolent, and was a person who could be easily overreached. The appellant flatly contradicted the testimony of appellee, and swore that the transaction was honest and straightforward and that no advantage was taken of appellee and there was no fraud practiced upon him in obtaining the deed. In this she was corroborated to some extent, but not altogether, by her attorney, Tripp. It is impossible to reconcile this evidence but it is apparent, even from appellant's own testimony, that she obtained at least

$2500 worth of property for $500, and if the evidence of appellee's witness is to be believed she obtained $7500 worth of property for that sum. That fact, in itself, is evidence that appellee was overreached. But aside from this, the case was heard by the chancellor in open court. He saw the witnesses and heard them testify, and had the opportunity of observing their appearance and demeanor while testifying. We have held in many cases that under such circumstances the chancellor is better able to give to the evidence its proper weight than we are. The decree rendered protects the interest of appellant and is very liberal in that respect. She is given an accounting for all sums received and paid out by her since the death of her husband, and after the deed is set aside she will be placed in no worse position than she was before its execution. We are not disposed to reverse the decree upon the ground that it is not sustained by the evidence.

It is next insisted that the decree and finding of fact are entirely at variance with the allegations of the bill. In support of this contention it is urged that the bill specifically charges fraud to have been committed in the attorney's office, which the decree does not find to be true, but finds, generally, that appellant used undue influence over appellee, and therefore there is a variance between the allegations of the bill and the decree. The decree does find that the consideration for the deed was inadequate and insufficient, and that the signature to the same was obtained by fraudulent means and undue influence and was not the free and voluntary act of appellee. The gist of the charge in the bill was that the deed was obtained by fraud and undue influence. We do not see how it can make any difference where the fraud was practiced if the deed was obtained by fraud, as alleged in the bill. There is no substantial variance between the allegation of the bill and the decree.

It is next insisted that appellee has been guilty of such *laches* as ought to preclude him from a recovery. We have

carefully examined the answer for any allegation charging him with *laches* and we find no such averment. The decree is also silent on that question. It is therefore apparent that the question was not raised in the pleadings or the trial court asked to pass upon it. It cannot be raised for the first time in this court.

We find no reversible error in the record, and the decree of the circuit court will be affirmed.    *Decree affirmed.*